

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 15-cr-00029-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ISHMAEL PETTY,

    Defendant.

---

## JURY INSTRUCTIONS

---

## INSTRUCTION NO. 1

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges, you are the other. I am the judge of the law. You, as jurors, are the judges of the facts. I presided over the trial and decided what evidence was proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case – for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return. These instructions will be given to you for use in the jury room, so you need not take notes.

## INSTRUCTION NO. 2

You, as jurors, are the judges of the facts. But in determining what actually happened – that is, in reaching your decision as to the facts – it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took.

## INSTRUCTION NO. 3

The government has the burden of proving the defendant guilty beyond a reasonable doubt. The law does not require a defendant to prove his innocence or produce any evidence at all. The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case.

If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crimes charged, you must find him guilty. If, on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

# INSTRUCTION NO. 4

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath and the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

## INSTRUCTION No. 5

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

## INSTRUCTION NO. 6

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

## INSTRUCTION NO. 7

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome in this case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he/she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent misrecollection — like failure of recollection — is not uncommon.

In reaching a conclusion on a particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

## INSTRUCTION NO. 8

The defendant, ISHMAEL PETTY, did not testify and I remind you that you cannot consider his decision not to testify as evidence of guilt. You must understand that the Constitution of the United States grants to a defendant the right to remain silent. That means the right not to testify. That is a constitutional right in this country, it is very carefully guarded, and you must not presume or infer guilt from the fact that a defendant does not take the witness stand and testify or call any witnesses.

## INSTRUCTION No. 9

The indictment is only a formal method used by the government to accuse a defendant of a crime. It is not evidence of any kind against the defendant. The defendant is presumed to be innocent of the crimes charged. Even though this indictment has been returned against the defendant, the defendant begins this trial with absolutely no evidence against him.

Defendant has pleaded "Not Guilty" to this indictment and, therefore, denies that he is guilty of the charges.

## INSTRUCTION No. 10

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged. The defendant is not on trial for any act, conduct, or crime not charged in the indictment.

## INSTRUCTION No. 11

A separate crime is charged in each count of the indictment. Each charge, and the evidence pertaining to it, should be considered separately by the jury. The fact that you may find the defendant guilty or not guilty as to one of the counts should not control your verdict as to any other count.

## INSTRUCTION No. 12

The defendant is charged in Counts One, Two, and Three with a violation of 18 U.S.C. §§ 111(a)(1) and (b). This law makes it a crime to forcibly assault, resist, oppose, impede, intimidate, or interfere with a federal officer while the officer is engaged in the performance of his or her official duties.

In Count One, the defendant is charged with forcibly assaulting, resisting, opposing, impeding, intimidating, and interfering with Ralph Smith on or about September 11, 2013.

In Count Two, the defendant is charged with forcibly assaulting, resisting, opposing, impeding, intimidating, and interfering with Dee Dee McEvoy on or about September 11, 2013.

In Count Three, the defendant is charged with forcibly assaulting, resisting, opposing, impeding, intimidating, and interfering with Brianne Smith on or about September 11, 2013.

To find the defendant guilty of the crime charged in each of these counts you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with a person;

*Second*: the person assaulted, resisted, opposed, impeded, intimidated, or interfered with was a federal officer or employee who was then engaged in the performance of his or her official duties;

*Third*: the defendant did such acts intentionally; and

*Fourth*: in doing such acts, the defendant used a deadly or dangerous weapon and/or inflicted bodily injury.

To "forcibly assault" a person means to intentionally attempt or threaten to inflict injury upon someone else, when coupled with an apparent present ability to do so, and includes any intentional display of force that would give a reasonable person cause to expect immediate bodily harm, whether or not the threat or attempt is actually carried out or the victim is injured.

It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, a federal officer or employee carrying out an official duty so long as it is established beyond a reasonable doubt that the victim was, in fact, a federal officer or employee acting in the course of his or her duty and that the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer or employee.

The term "deadly or dangerous weapon" includes any object capable of inflicting death or serious bodily injury. For such a weapon to have been "used," the government must prove that the defendant not only possessed the weapon, but that the defendant intentionally displayed it in some manner while forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with the federal officer or employee.

The term "bodily injury" means an injury that is painful and obvious, or is of a type for which medical attention ordinarily would be sought.

## INSTRUCTION No. 13

Your verdict must be unanimous. Counts One, Two, and Three of the indictment accuse defendant of using a deadly or dangerous weapon and inflicting bodily injury.

The government is not required to prove both that the defendant used a deadly or dangerous weapon and that he inflicted bodily injury.

But, in order to return a guilty verdict as to each count, all twelve of you must agree the defendant used a deadly or dangerous weapon, or all twelve of you must agree the defendant inflicted bodily injury, or all twelve of you must agree that the defendant both used a deadly or dangerous weapon and that he inflicted bodily injury.

## INSTRUCTION NO. 14

You will note that the indictment charges that each crime was committed "on or about" September 11, 2013. The government must prove beyond a reasonable doubt that the defendant committed the crimes reasonably near September 11, 2013.

## INSTRUCTION NO. 15

If you find the defendant guilty, it will be my duty to decide what the punishment will be. You should not discuss or consider the possible punishment in any way while deciding your verdict.

## INSTRUCTION NO. 16

In a moment the court security officer will escort you to the jury room and provide you an original copy of the jury instructions. Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. The second thing you should do is review the instructions. Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but, for your verdict to be valid, you must follow the instructions throughout your deliberations. Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember at all times, you are judges — judges of the facts. You must decide whether the government has proved the defendant guilty beyond a reasonable doubt.

A form of verdict has been prepared for your convenience.

**[Reading of Verdict Form]**

The foreperson will write the unanimous answer of the jury for each count in the space provided for, either guilty or not guilty.  At the conclusion of your deliberations, the foreperson should date and sign the verdict form and notify the Court through a note given to the court security officer that you have reached a verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer.  I will either reply in writing or bring you back into the court to respond to your message.  Under no circumstances should you reveal to me the numerical division of the jury.